[Cite as *Ward v. Ward*, 2017-Ohio-579.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TODD WARD | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| STEPHANIE WILSON | : | Case No. 16-COA-025 & 16-COA-027 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Ashland County
Court of Common Pleas, Juvenile
Division, Case Nos. 20134067 and
20134068

JUDGMENT: Affirmed

DATE OF JUDGMENT: February 13, 2017

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

BARRY ECKSTEIN                         JAY F. CROOK
5 West College Street                   Shryock, Crook & Associates, LLP
Oberlin, Ohio 44074                     30601 Euclid Avenue
                                        Wickliffe, Ohio 44092

*Baldwin, J.*

{¶1} Defendant-appellant Stephanie Wilson appeals from the June 21, 2016 Opinion and Judgment Entry of the Ashland County Court of Common Pleas, Juvenile Division, modifying its previous parenting time order.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant Stephanie Wilson and appellee Todd Ward, who have never been married, have two children together, namely, Tristan (DOB 11/01/08) and Thomas (DOB 9/1/11). After appellee filed complaints to establish parental rights and responsibilities, a hearing was held before a Magistrate. As memorialized in an Opinion and Judgment Entry filed on February 1, 2016, the trial court ordered that appellant be designated the residential parent and legal custodian of the children. The trial court further granted appellee parenting time with the children. The trial court's Judgment Entry provided, in relevant part, as follows**:**

{¶3} A. Todd Ward shall have parenting time with the children on alternate weekends from Friday evening to Sunday evening as set forth in the Rule. Provided, however, that any week school is not in session, and if that is a week that Mr. Ward is to have parenting time, then his parenting times shall commence on Thursday at 6:00 P.M. and end on Sunday at 6:00 P.M.

{¶4} B. There shall be no mid-week parenting time at the present time. If the location of the parties respective residences should change so that mid-week parenting time is feasible, then this Order can be modified accordingly.

{¶5}   C.   Todd Ward shall have extended parenting time with the children for a period of forty (40) days with all other provisions of Local Rule 20 regarding parenting times to apply.

{¶6}   D.   Todd Ward shall have parenting time with the children on holidays pursuant to the holiday schedule as set forth in Local Rule 20.

{¶7}   E.   Except as otherwise modified herein the Court does hereby adopt as the Order of the Court all provisions as contained in Local Rule 20 and the parties shall comply with those provisions.

{¶8}   No direct appeal was filed.

{¶9}   Appellee, on April 18, 2016, filed a "Motion to Modify Parenting for Plaintiff, to Confirm Plaintiff's Vacation Parenting Time for 2016 and to Confirm the Summer Time Baseball Program for Parties' Minor Child." Appellee, in his motion, asked that the trial court's parenting time schedule be modified with respect to Tristan because the trial court's parenting time schedule did not provide for mid-week visitation. Appellee further sought an order granting him a total of 59 days of visitation and an order allowing Tristan to participate in a specified summer baseball program.   In response, appellant filed a Motion to Dismiss and Motion for Sanctions. Appellant, in her motion, argued that appellee had failed to allege any change of circumstances since the trial court's February 1, 2016 Order, that appellee's motion alleged violations of the trial court's Order that did not exist, and that appellee failed to identify any legal grounds entitling him to the relief requested.   Appellant also argued that appellee had misinterpreted the language in the trial court's Order with respect to the amount of parenting time to which he was entitled.

**{¶10}** A hearing before the trial court was held on June 20, 2016. The trial court, in a June 21, 2016 Opinion and Judgment Entry, stated that it was not necessary to determine whether a change of circumstances had occurred in order to modify parenting time. The trial court stated that mid-week parenting time originally was not ordered because the parties lived an hour and a half away from each other and mid-week parenting time would not be feasible. The trial court found that because appellee's request for mid-week parenting time was based upon the condition that appellee would exercise the time in the City of Chardon, where the children resided with their mother, it would be in the children's best interest to grant mid-week parenting time. The trial court also clarified its February 1, 2016 Judgment Entry by stating that its intent was to provide appellee with forty (40) days of parenting time rather than the twenty-eight (28) days provided for in Local Rule 20. Appellee had interpreted the trial court's February 1, 2016 Judgment Entry as granting him the forty (40) days in addition to the twenty-eight (28) days.

**{¶11}** The trial court, in its June 21, 2016 Order, found that the parties continued to have communication problems and "were not able to engage in meaningful discussions." For these reasons, the trial court modified certain provisions in its February 1, 2016 Order "to minimize conflicts and litigation." Finally, the trial court overruled appellant's Motion to Dismiss, Motion for Sanctions and the portion of appellee's motion concerning summer baseball.

**{¶12}** Appellant now appeals from the trial court's June 21, 2016 Opinion and Judgment Entry, raising the following assignments of error on appeal:

{¶13} WHETHER THE TRIAL COURT ABUSES ITS DISCRETION IN FAILING TO APPLY THE BEST INTEREST FACTORS FROM 3109.051 IN MAKING A RULING MODIFYING VISITATION BASED ON A MOTION FILED LESS THAN THREE MONTHS FROM ITS PREVIOUS OPINION AND ORDER.

{¶14} WHETHER THE TRIAL COURT ABUSES ITS DISCRETION WHEN IT MODIFIES A VISITATION SCHEDULE WITHOUT FINDING A CHANGE IN CIRCUMSTANCES EFFECTING (SIC) THE BEST INTEREST OF THE CHILDREN.

I, II

{¶15} Appellant, in her two assignments of error, argues that the trial court abused its discretion in modifying visitation rights. We disagree.

{¶16} Upon review, an appellate court will not reverse the trial court's determinations as to visitation issues absent an abuse of discretion. *In re Whaley,* 86 Ohio App.3d 304, 317, 620 N.E.2d 954 (4th Dist.1993), citing *Booth v. Booth,* 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989). An abuse of discretion implies that the court's attitude in reaching its decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Moreover, an appellate court will defer to a trial court's factual resolutions of conflicting opinions and testimony, as the trial court is in the best position to observe the witnesses' voice inflections, demeanor, and gestures, to assess credibility. *Seasons Coal Co. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶17} Contrary to appellant's assertion,  a "party requesting a change in visitation rights need make no showing that there has been a change in circumstances in order for the court to modify those rights." *Braatz v. Braatz,* 85 Ohio St.3d 40, 1999 -Ohio- 203,

706 N.E.2d 1218, paragraph two of the syllabus. Rather, a "[m]odification of visitation rights is governed by R.C. 3109.051." *Id.* at paragraph one of the syllabus. "Pursuant to R.C. 3109.051(D), the trial court shall consider the fifteen factors enumerated therein, and in its sound discretion shall determine visitation that is in the best interest of the child." *Id.* at paragraph two of the syllabus.

{¶18} R.C. 3109.051(D) states as follows:

{¶19} (D) In determining whether to grant parenting time to a parent pursuant to this section or section 3109.12 of the Revised Code or companionship or visitation rights to a grandparent, relative, or other person pursuant to this section or section 3109.11 or 3109.12 of the Revised Code, in establishing a specific parenting time or visitation schedule, and in determining other parenting time matters under this section or section 3109.12 of the Revised Code or visitation matters under this section or section 3109.11 or 3109.12 of the Revised Code, the court shall consider all of the following factors:

{¶20} (1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;

{¶21} (2) The geographical location of the residence of each parent and the distance between those residences, and if the person is not a parent, the geographical location of that person's residence and the distance between that person's residence and the child's residence;

**{¶22}** (3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;

**{¶23}** (4) The age of the child;

**{¶24}** (5) The child's adjustment to home, school, and community;

**{¶25}** (6) If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to parenting time by the parent who is not the residential parent or companionship or visitation by the grandparent, relative, or other person who requested companionship or visitation, as to a specific parenting time or visitation schedule, or as to other parenting time or visitation matters, the wishes and concerns of the child, as expressed to the court;

**{¶26}** (7) The health and safety of the child;

**{¶27}** (8) The amount of time that will be available for the child to spend with siblings;

**{¶28}** (9) The mental and physical health of all parties;

**{¶29}** (10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to a person who requested companionship or visitation, the willingness of that person to reschedule missed visitation;

**{¶30}** (11) In relation to parenting time, whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been

determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

**{¶31}** (12) In relation to requested companionship or visitation by a person other than a parent, whether the person previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether the person, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of an offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that the person has acted in a manner resulting in a child being an abused child or a neglected child;

**{¶32}** (13) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

**{¶33}** (14) Whether either parent has established a residence or is planning to establish a residence outside this state;

**{¶34}** (15) In relation to requested companionship or visitation by a person other than a parent, the wishes and concerns of the child's parents, as expressed by them to the court;

**{¶35}** (16) Any other factor in the best interest of the child.

**{¶36}** The central focus of any visitation order is the best interests of the children. *Kelm v. Kelm,* 92 Ohio St.3d 223, 226, 2001-Ohio-168, 749 N.E.2d 299. "A trial court may limit or restrict visiting rights of a party in order to further the child's best interest." *Callender v. Callender,* 7th Dist. Carroll No. 03–CA–790, 2004–Ohio–1382, at ¶ 31. The court has the "power to restrict the time and place of visitation, to determine the conditions under which visitation will take place and to deny visitation rights altogether if visitation would not be in the best interests of the child." *Id.,* quoting *Anderson v. Anderson,* 147 Ohio App.3d 513, 2002–Ohio–1156, 771 N.E.2d 303 (7th Dist.), at ¶ 18, and *Jannetti v. Nichol*, 7th Dist. No. 97 CA 239 (May 12, 2000).

**{¶37}** If it is clear from the record the court considered the factors in R.C. 3109.051, even if the statute or the factors are not specifically referenced, we will not find an abuse of discretion. *Troyer v. Troyer,* 7th Dist. Jefferson No. 09 JE 5, 2010–Ohio–3276, at ¶ 36, 188 Ohio App.3d 543, 936 N.E.2d 102. "[I]t is not an abuse of discretion when it appears from the journal entry that some of the factors under that section were addressed." *Bernard v. Bernard*, 7th Dist. Columbiana No. 00 CO 25, 2002 WL 206411 (Jan. 30, 2002).

**{¶38}** We find that the trial court did not abuse its discretion in modifying the parties' parenting time order because the trial court's decision was not arbitrary, unconscionable or unreasonable. In the case sub judice, the trial court, in its June 21,

2016 Opinion and Judgment Entry, stated that it had considered all of the best interest factors in its previous decision entering a parenting time order between appellee and the children and that it considered the factors again in modifying the same. The trial court stated that the parties continued having communication problems and did not communicate and that "this has a detrimental and adverse impact on the children." The trial court further stated that because the parties were unable to engage in "meaningful discussions" and were not flexible as to parenting time issues, "[t]his has created a situation where a more specific Order may be needed in order to minimize conflicts and litigation." The trial court further noted that its original parenting time order was based on the fact that appellee lived too far from the children for mid-week visitation to be feasible, but that appellee had agreed to exercise such time where the children resided.

**{¶39}** Based on the foregoing, we find that the trial court did not err in modifying the parenting time order.

**{¶40}** Appellant's two assignments of error are, therefore, overruled.

**{¶41}** Accordingly, the judgment of the Ashland County Court of Common Pleas, Juvenile Division, is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.